IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SEIMENS INDUSTRY SOFTWARE INC** § § §<br>**Plaintiff,** § §<br>§<br>**V.** § §<br>§<br>**DOES 1-142** § §<br>§<br>**Defendants.** § | Civil Action No. 4:21-cv-385<br>JURY TRIAL DEMANDED |

# DEFENDANT. DOE NO. 49'S MOTION TO SEVER AND

# QUASH OR MODIFY SUBPOENA

COMES NOW, John Doe, Defendant, known only as Doe 49 of 142 IP addresses listed in Plaintiff's petition, IP Address, 73.78.156.123, who received notice of a subpoena describing Plaintiff's efforts to gain his name. Defendant now respectfully moves the Court to quash the subpoena issued to Defendant's internet service provider Comcast pursuant to FED. R. CIV. P. 45. Alternatively, if the motion to quash the subpoena is denied, Defendant requests that the Court enter a protective order prohibiting the public disclosure of any information relating to Defendant that is obtained via the subpoena, pursuant to FED. R. CIV. P. 26(c).

# INTRODUCTION

1. On February 4, 2021, Plaintiff, **SEIMENS INDUSTRY SOFTWARE INC.**, a Texas corporation, filed a complaint entitled and numbered as above against 142 unknown defendants, alleging copyright infringement of a lifecycle product management company ("Complaint").

2. Claiming that it can only identify those who infringed by obtaining the names of individuals to whom an internet protocol address ("IP address") is assigned, this Court permitted a third-party subpoena to be served to the IPS Provider(s) which supported the IP addresses which Plaintiff identified as addresses through which its life cycle software was allegedly infringed. John Doe 49 received the notice and copy of the subpoena on or about April 14, 2021.

3. Plaintiff claims that it has identified the IP addresses of the alleged infringers by means of monitoring the allegedly illegal downloading.

4. Identification of an IP address establishes only a physical router Even if an IP address is correctly identified, knowing the IP address does not provide the name of the person that may or may not be downloading a file.

5. Plaintiff alleges in its Complaint that Doe 49 without its permission illegally downloaded the lifecycle software.

6. Defendants ask the Court to quash plaintiff's Subpoena to Comcast requesting the name of the Doe 49.

## ARGUMENT 1 – IMPROPER JOINDER

7. Plaintiff's joinder of 142 defendants in this suit is improper, creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal district courts in copyright infringements cases based on computer downloads before. See *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).

8. Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. The court explained: "[M]erely committing the same type of violation in the same way does not

link defendants together for purposes of joinder." *LaFrance LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008).

9. Here, Plaintiff has not alleged sufficient facts that show that the alleged copyright transactions arise out of the same or similar transactions. The plaintiff alleged that the defendants committed copyright infringement without specifically stating how the transactions are related.

## ARGUMET 2 – UNNECESSARY BURDEN TO DEFENDANT

10. Pursuant FRCP 45(c)(3)(A)(iv) defendants files this motion to quash because it subjects the defendants to an undue burden and is requesting privilege information about non-parties in violation of FRCP45(c)(3). Defendants file this motion before the time to comply. *See* Fed. R. Civ. P. 45(c) (3) (A); *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006).

11. Complaint does not provide enough facts to support personal jurisdiction. The facts are as follows:

> *" Venue (and personal jurisdiction) in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of the Defendants is unknown to Plaintiff at this time, on information and belief, the Defendants may be found in this District and/or a substantial part of the acts of infringement complained of herein may have occurred in this District and/or each Defendant, without consent or permission of the copyright owner, Plaintiff, may have purposefully availed themselves of the services of an ISP located in this District to illegally download from the Internet and/or use copyrighted works owned by the Plaintiff."*

> *Paragraph 11* "*Plaintiff is informed and believes that each Defendant, without permission or consent of Plaintiff, has used, and continues to use, a computer with an Internet connection to download and/or use certain of the Copyrighted Software. In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and/or distribution. Each Defendant's actions constitute infringement of Plaintiff's copyrights and/or exclusive rights under copyright.*"

12. This is an unnecessary burden to defendant to have to defend a case in Texas. Plaintiff knows that Comcast is a national company and not just located in Texas. Secondly, plaintiff knows that this IP address is located out of the jurisdiction of Texas. Any actions of an alleged download would have taken place over the internet. Plaintiff lists several software, but fails to state which software relates to which defendant. Numerous courts have held that the use of the Internet does not automatically confer jurisdiction. *Nu Image, Inc. v. Doe, 2012 WL 1890854*. Here, the plaintiff have alleged that defendant has downloaded software without specifically alleging what specific software  Plaintiff list software but does not provide and exhibit.

13. The court must quash Plaintiff's subpoena that is unduly burdensome.  Here, the plaintiff has not alleged sufficient facts to support copyright infringement as well as joinder of parties. Therefore, the information requested is privileges and violates the first amendment.

14. **WHEREFORE**, for the reasons set forth above, Defendant respectfully requests that the Court GRANT this Motion and enter an Order severing the Doe defendants from this suit, and quash the subpoena issued to Defendant's ISP.

15. Alternatively, if the Court denies the Motion to Quash, Defendant respectfully

requests that the Court enter a protective order prohibiting any party in this action from disclosing publicly (including in any public filings made in this case) any information regarding Defendant obtained from Defendant's ISP.

Respectfully submitted:

/s/Delphine James/s/

_____

Delphine M. James
Texas Bar Number 24010129
Delphine M. James, Attorney At Law
2616 South Loop West Suite 415
Houston, TX  77054
Tel: (713) 661-4144
Fax: (713) 661-4145

## CERTIFICATE OF SERVICE

Plaintiff certifies that on _____5/5/2021_____ a true and correct copy of DEFENDANTS' MOTION TO QUASH was served to each person listed below by electronic transmission of the court.

**Robert R. Riddle**
Texas Bar No. 24035495                              ___ personal delivery
S.D. Tex. No. 1553007                               ____ private delivery
Katherine Geldmacher                                __x__ electronic transmission
Texas Bar No. 24109916                                         by the court
S.D. Tex. No. 335240
Reed Smith, LLP
811 Main Street, suite 1700
Houston, TX  77002-6110
rriddle@reedsmith.com
kgeldmacher@reedsmith.com
Telephone:  7134693800
Facsimile:  713 469 3899

/s/Delphine James